```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


United States of America,      )
                               )
     Plaintiff,                )
                               )
                               )
     v.                        )    No. 04 CR 464-6
                               )
Corey Evans,                   )
                               )
     Defendant                 )
```

ORDER

Defendant's motion to reduce his sentence pursuant to Section 404 of the First Step Act (the "Act") is granted. Section 404(b) of the Act provides:

> (a) DEFINITION OF COVERED OFFENSE. In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010...that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. A court that imposed a sentence for a covered offense may...impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010...were in effect at the time the covered offense was committed.

PL 115-391, 132 Stat 5194.

I have previously expressed my agreement with the vast majority of courts to have examined the issue and held that eligibility under Section 404 of the Act is determined categorically, based on the statute of conviction, rather than individually, based on the

defendant's offense conduct. *United States v. Hill,* No. 02-CR 236-2, DN 734 (N.D. Ill. Oct. 2, 2019); *United States v. Reed,* No. 02-CR-236, DN 727 (N.D. Ill. Aug. 8, 2019) (citing cases).[1] The government's contrary argument rests on what another court has characterized as "two erroneous interpretive choices." *United States v. Rose*, 379 F. Supp. 3d 233 (S.D.N.Y. 2019).

> First, the Government construes the dependent clause, "the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010" (hereinafter "penalties clause"), as modifying the noun "violation," rather than modifying the phrase "Federal criminal statute." Next, the Government construes "violation" to mean the actual conduct underlying the offense, rather than the elements of the offense.

*Id.* at 228-229. This is the very interpretation the government advances here. I agree with the *Rose* court, however, that the more natural reading, given the conventions of English grammar, is that the "penalties clause" modifies the phrase "Federal criminal statute." I further agree that to the extent the term "violation" may be ambiguous, the ambiguity should be resolved in Evans's favor in view of the "remedial purpose" of both the First Step Act and the Fair Sentencing Act. *Id. See also United States v. Allen,* 384 F.

---

[1] As the government observes, a handful of courts have come out the other way. *See, e.g., United States v. Glover*, 377 F. Supp. 3d 1346 (S.D. Fla. 2019); *United States v. Blocker*, 378 F. Supp. 3d 1125 (N.D. Fla. 2019); *United States v. Haynes*, No. 8:08CR441, 2019 WL 1430125, at *2 (D. Neb. Mar. 29, 2019). *But see United States v. White*, No. 99-CR-628-04, 2019 WL 3228335, at *5 (S.D. Tex. Jul. 17, 2019) (identifying over forty cases to have followed the majority view and referring to the foregoing three as "outliers").

2

Supp. 3d 238, 242 (D. Conn. 2019) (resolving ambiguity in defendant's favor based on statutory purpose and rule of lenity).

Nor am I persuaded that a different outcome is warranted on the basis that Mr. Evans pled guilty to a conspiracy involving multiple substances. As the court explained in *United States v. Jones*, No. 3:99-cr-264-6 (VAB), 2019 WL 4933578 (D. Conn. Oct. 7, 2019), nothing in the text of § 404(a) First Step Act

> restricts eligibility to defendants who were only convicted of a singular violation of a federal criminal statute whose penalties were modified by section 2 or section 3 of the Fair Sentencing Act. So long as a defendant was convicted of "a violation"—i.e., at least one violation—for which the penalties were modified by section 2 or 3 of the Fair Sentencing Act, he or she is eligible for relief.

*Id.* at *9 (D. Conn. Oct. 7, 2019). *See also United States v. Opher*, ---F. Supp. 3d---, 2019 WL 3297201, at **11-12 (D.N.J. July 23, 2019); *United States v. Medina*, No. 3:05-cr-58 (SRU), 2019 WL 3769598, at *2 (D. Conn. July 17, 2019) (defendant convicted of offense involving both crack cocaine and powder cocaine eligible for First Step Act relief). The government cites no authority for its contrary view that the Act "applies to violations involving *only* crack cocaine," Resp. at 22 (emphasis added), which is, at bottom, a variation on its abortive argument that offense conduct, rather than the statute of conviction, determines eligibility under the Act. *See Opher*, 2019 WL 3297201, at *8 (court's analysis of the

3

"powder question" turns on whether offense conduct or statute of conviction governs eligibility).[2]

In a related argument, the government insists that Mr. Evans's putative admissions during his plea hearing render him ineligible for relief, citing *United States v. Paulette*, 858 F.3d 1055 (7th Cir. 2017), a case on which Mr. Evans also relies. *Paulette* holds that although "[a] plea of guilty admits only the essential elements of the offense," a defendant "may admit far more than the elements of a charged crime by stipulating to facts in a plea agreement, by agreeing with the government's factual basis, or even by answering the judge's questions during the plea colloquy." *Id.* at 1059, 1060. In *Paulette*, the defendant signed a written plea agreement in which he admitted responsibility for specific drug types and quantities sufficient to trigger a statutory 10-year minimum sentence under 21 U.S.C. § 841(b)(1)(A)(viii). The court held that because "that admission from the plea agreement is conclusive," the district court properly relied on it in calculating his sentence. *Id.* at 1060.

In the government's view, Mr. Evans's general agreement with the government's description of his offense similarly amounts to a conclusive admission of responsibility for specific drug types and

---

[2] Although not cited by the government, there is some authority for its view. *See, e.g., United States v. Westbrook*, No. 09-714-2, 2019 WL 1543571 (D. S. C. Apr. 9, 2019) *United States v. Dewitt*, No. 12-183, 2019 WL 2537292 (S.D. Ohio June 20, 2019); *United States v. Gravatt*, No. 01-736-01, 2019 WL 2366587 (D.S.C. June 5, 2019); *United States v. Smith*, No. 02-448, 2019 WL 2330482 (M.D. Fla. May 31, 2019). I do not find these decisions persuasive.

4

quantities, and that these admissions trigger enhanced penalties even under the amended statutory regime (i.e., post-Fair Sentencing Act). Accordingly, the government insists, the record supports the imposition of a mandatory minimum penalty that the First Step Act does not disturb. Resp. at 27. But the colloquy to which the government points is not like the unambiguous admission of responsibility for specific quantities of specific substances that was memorialized in the written plea agreement in *Paulette*. At his plea hearing, Mr. Evans stated that "most of" the government's account was accurate, but he challenged certain aspects of it as "a bunch of lies." He then went on to acknowledge that he "did accept money from Varney Voker" and "did do a drug sale with Mark Hall," and he further admitted, "if I took money from Varney Voker, I guess that means I sold crack cocaine – well, base cocaine, but both." In the context of *Alleyne v. United States*, 570 U.S. 99 (2013), which held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to a jury," id. at 103, these statements are insufficient to support application of the enhanced statutory penalties of § 841(b)(1)(B) and (C). *See United States v. Williams*, No. 08 CR 00401-4, 2019 WL 4014241, at *5 (N.D. Ill. Aug. 25, 2019) (Chang, J.). Indeed, I agree with Judge Chang's observation that irrespective of *Alleyne*'s non-retroactivity under 28 U.S.C. § 2255, Congress knew when it passed the First Step Act "that courts were no longer constitutionally permitted to impose mandatory

5

minimums based solely on judicial fact-finding at sentencing," and "would not have expected federal courts to then double-down on those unconstitutional findings in applying the First Step Act." *Williams*, 2019 WL 4014241 at *5. Accordingly, absent Mr. Evans's unambiguous admission of responsibility for conduct involving the requisite quantities of heroin or cocaine, the record does not support application of the statutory mandatory minimum sentences the government invokes.

For the foregoing reasons, I conclude that Mr. Evans is eligible for relief under the First Step Act. He overreaches, however, with the argument that because he did not conclusively admit responsibility for specific quantities of specific substances, the so-called "general verdict" rule means that his term of imprisonment may be "not more than 5 years"—the maximum allowable term for marijuana offenses under § 841(b)(1)(D). Mr. Evans relies for this argument on *United States v. Dale*, 178 F.3d 429, 432-33 (6th Cir. 1999), a case the Seventh Circuit views as "stand[ing] only for the proposition that when it is *unclear* upon which charge a conviction was based, the sentence may be no more than the statutory maximum for the least-serious offense." *United States v. Gradilla*, 317 F. App'x 546, 549 (7th Cir. 2009) (original emphasis) (declining to apply general verdict rule to defendant who pled guilty to both marijuana and cocaine charges). As is clear from the foregoing

6

excerpts of his plea hearing, Mr. Evans unambiguously admitted to responsibility for selling *some* quantity of cocaine.

Turning to the discretionary component of the analysis, I find that while there is no doubt about the seriousness of his offenses, the materials Mr. Evans has submitted in support of his motion indicate that he has worked hard to rehabilitate himself during his fifteen-year period of incarceration. In addition, Mr. Evans appears to have maintained strong ties with his family and has plans for his future. Accordingly, I exercise my discretion and grant his motion for a reduced sentence to time served.

**ENTER ORDER:**

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: October 18, 2019

7